UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PETROLEUM, LLC d/b/a EASTERN SIERRA OIL,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH LLOYD, an individual, E.S. OIL, LLC, a California limited liability company, and DOES 1-30, Defendants<br><br>    Defendants. | CASE NO. 1:11-CV-00902-LJO-JLT<br><br>PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; STIPULATION RE: SAME |
| KENNETH LLOYD,<br><br>    Cross-Complainant,<br><br>    v.<br><br>THOMAS PETROLEUM, LLC,<br><br>    Cross-Defendant. | |

**STIPULATION**

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from

1
PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; STIPULATION RE: SAME

public disclosure and from use for any purpose other than prosecuting this litigation would be warranted; and

WHEREAS, the parties recognize that some of the documents and information ("materials") that will be disclosed and/or sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties and/or third parties from whom documents will be sought; and

WHEREAS, the materials to be exchanged throughout the course of the litigation between the parties and/or third parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7); and

WHEREAS, the parties wish to protect the confidentiality of such materials to the extent appropriate and practical during the litigation.

NOW THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO, through their respective counsel, that the Court enter the Protective Order set forth below, after the signatures of counsel.

**SO STIPULATED AS SET FORTH BELOW**

CURIALE HIRSCHFELD KRAEMER LLP

Dated: July 7, 2011          By:   /s/ Mani Sheik, Esquire
                                          Mani Sheik

Attorneys for Plaintiff and Cross-Defendant

CHARLTON WEEKS LLP

Dated: July 7, 2011          By:   /s/ Erik Gunderson, Esquire
                                          Erik Gunderson

Attorneys for Defendants Kenneth Lloyd and E.S. Oil, LLC and Cross-Complainant Kenneth Lloyd

**PROTECTIVE ORDER**

Based on the Stipulation of the Parties to this litigation, and good cause shown, the Court hereby adopts the following Protective Order as an Order of this Court.

**Definitions**

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is reasonably claimed by the Party asserting confidentiality to be information which is a) not available to the general public, b) the subject of reasonable attempts by the claiming Party to maintain the secrecy and confidentiality thereof, and c) derives value by way of commercial benefit or advantage resulting from its non-availability to competitors of the claiming Party or the general public. Upon a Party's claim that particular information is "Confidential Information" as described herein, all Parties shall treat such information as though it were "Confidential Information" until and unless the Parties agree otherwise or the Court rules otherwise.

2. The term "materials" means all written, recorded, electronic or graphic matters created, whatever the medium on which it was produced or reproduced, including but not limited: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; competitively sensitive information; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the Parties' law firms (Curiale

Hirschfeld Kraemer LLP and Charlton Weeks LLP). "Counsel" also includes in-house attorneys for Plaintiff Thomas Petroleum, LLC.

4. The terms "Party" and "Parties" shall refer to Thomas Petroleum, LLC, and its sister, parent, and daughter entities; Kenneth Lloyd; and E.S. Oil LLC, whether individually or in any combination. To the extent that a limited liability company is a "Party," its managers and members shall be deemed "Parties" as well.

5. The term "Professional Vendors" will mean persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors. If such Professional Vendors are employed by Counsel, the rules herein shall apply to them to the same extent that they apply to Counsel and the Counsel to whom they report shall be responsible for their conduct hereunder.  If such Professional Vendors are employed directly by a Party, then the rules herein shall apply to them to the same extent that they apply to the Parties themselves and the Parties to whom they report shall be responsible for their conduct hereunder.

6. The term "Experts" shall mean and refer to consultants and subject matter experts, including but not limited to expert witnesses as described in Federal Rules of Evidence 701 and 702, who have signed a copy of the document attached hereto as Exhibit A.

**General Rules**

7. Any Party to this litigation may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or other information, disclosed or produced in the litigation, which the Party believes should be subject to this Order, provided that materials produced by one Party may not be designated "CONFIDENTIAL – FOR COUNSEL ONLY" by the other Party.

    a. Designation as "CONFIDENTIAL":  Any Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Party and its counsel, the

unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such Party or such Party's privacy rights and/or those of its employees.

   b. Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any Party may designate information related to pricing and costs as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such Party and its Counsel, such information is among that considered to be most sensitive by the Party.

8. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party:

   a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party will have until fourteen days after receipt of the deposition transcript to inform the other Party or Parties to the action, and the court reporter, of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY";

   b. the disclosing Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 10 below;

   c. if the entire transcript of a deposition is designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY," the originals of the deposition transcript and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing should be filed under seal, identified as being subject to this Order, and protected from being opened except by order of this Court;

   d. if only portions of a deposition are designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY," the originals and all copies of those

portions of the deposition so designated shall be separately transcribed and bound, and must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing should be filed under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.  The remaining portions of any such depositions not designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," are not subject to the requirements of this Order; and

e.   should the Court not agree to the filing under seal of the documents, the documents may be filed and the Party will be considered in compliance with the terms of this Protective Order.

9. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

10. Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be viewed only by Counsel of the receiving Party or by any Experts who execute a copy of the form attached hereto as Exhibit A.  Additionally, court reporters, their staffs, and Professional Vendors may view information designated "CONFIDENTIAL – FOR COUNSEL ONLY" provided such disclosure is reasonably necessary for this litigation and that each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing the form attached hereto as Exhibit A.

11. Information designated "CONFIDENTIAL" must be viewed only by Counsel of the receiving Party, by Experts, or by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; STIPULATION RE: SAME

     a.    The receiving Party, if an individual, or the officers, directors, and employees of the receiving Party to whom disclosure is reasonably necessary for this litigation;

     b.    Officers, directors, managers, or members of a Party that is a business entity, who are required to participate in policy decisions with reference to this action;

     c.    Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action, provided that if such personnel are not officers, directors, managers, or members of a Party they have executed the form attached hereto as Exhibit A;

     d.    Stenographic and clerical employees associated with the individuals identified above who have executed the form attached hereto as Exhibit A;

     e.    Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

     f.    Witnesses or deponents and their counsel in the action to whom disclosure is reasonably necessary and who have signed the form attached hereto as Exhibit A, to prepare for depositions, hearings or trial testimony in connection with this litigation, except that such individuals will not be provided with copies of any documents designated as or containing "CONFIDENTIAL" information to retain in their possession; and

     g.    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the form attached hereto as Exhibit A.

12.    With respect to material designated "CONFIDENTIAL" or CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

13.    All other portions of this stipulation and Order notwithstanding, the parties may, based upon separate written agreement of all Counsel to this action, provide that certain Confidential Information be discussed with or shown to specified individuals other than the persons identified herein.

14. All information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing Party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving Party, except that independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

15. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the Party seeking to file such material must seek permission of the Court to file the material under seal. The Parties will cooperate in preparing the application for filing under seal. At least three business days in advance of the filing, the filing Party will provide to the Party who designated the at-issue document(s) as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," if different from the filing Party, a specific description of particular documents or categories of documents to be filed. The designating Party must then provide to the filing Party within two business days thereafter the explanation(s) of good cause for protecting the documents from disclosure to be included in the application to seal. Should the Court not agree to the filing under seal of the documents, the documents may be filed and the Party will be considered in compliance with the terms of this Order.

16. At any stage of these proceedings, any Party may object to a designation of the materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." The Party objecting to confidentiality must notify, in writing, Counsel for the designating Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the Parties within seven days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved. The Parties consent to the review and ruling of the Magistrate Judge for this purpose.

PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; STIPULATION RE: SAME

17. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each Party and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

18. No Party will be responsible to another Party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

19. If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing Party may give written notice to the receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving Party must treat the materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" once the designating Party so notifies the receiving Party. If the receiving Party has disclosed the materials before receiving the designation, the receiving Party must notify the designating Party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

20. Nothing within this Order will prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product, including but not limited to the disclosure of the identity of Experts hired to review such information but not yet designated as expert witnesses pursuant to Federal Rule of Evidence 701, provided that such Experts must be bound by the terms of the form attached

hereto as Exhibit A, and any such Experts provided with information that had previously been disclosed without designation and which was the subject of a later designation must either retroactively agree to be bound by the terms of the form attached hereto as Exhibit A or disclosed to the other Party as described above in paragraph 17.

21. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

22. This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

23. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24. Upon final termination of this action, including any and all appeals, Counsel for each Party must, upon request of the producing Party, return all Confidential Information to the Party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving Party, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

25. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, its

employees, or its agents in violation of this Order; or (d) has come or will come into the receiving Party's legitimate knowledge independently of the production by the designating Party.  Prior knowledge must be established by pre-production documentation.

26. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

27. All Parties, their Counsel and other agents, and all those acting in concert with them, are enjoined from the use of said "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" information in any manner not expressly permitted by this Order.

28. Transmission by facsimile or electronic mail to Counsel for a Party is acceptable for all notification purposes within this Order.

29. This Order may be modified by agreement of the Parties, subject to approval by the Court.

30. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED.

Dated:   **July 7, 2011**                                        **/s/ Jennifer L. Thurston**
                                                                                   UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ , declare and say that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order entered in *Thomas Petroleum, LLC v. Kenneth Lloyd, et al*, Case No. 1:11-CV-00902-LJO-JLT, and have received a copy of the Stipulated Protective Order.

3. I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3-6, 10, and 11 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____