UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PETROLEUM, LLC d/b/a EASTERN SIERRA OIL <br><br> Plaintiff, <br><br> v. <br><br> KENNETH LLOYD, et al. <br><br> Defendants. | Case No.: 1: 11-CV-00902 LJO  JLT <br><br> ORDER GRANTING IN PART STIPULATION TO AMEND SCHEDULING ORDER <br><br> (Doc. 18) |

Before the Court is the stipulation of the parties to amend the scheduling order.  (Doc. 18) Counsel report that around the end of July 2011, they agreed among themselves to "stay" discovery to allow settlement discussions. Id. at 2.  They continued to have "[p]rivate settlement talks" until January 2012. Id. at 2-3.

Notably, on September 11, 2011, the Court held the scheduling conference in this case. In advance of this conference, the parties filed their joint scheduling conference statement.  In it, they reported,

> The parties stipulated to open discovery early and have already engaged in discovery, including beginning the deposition of Defendant and Cross-Complainant Lloyd. The parties have noticed several other depositions. Initial disclosures have already been exchanged. Plaintiff propounded and Defendants responded to a first set of written discovery; Defendants have propounded a first set of written discovery, to which Plaintiff has not yet responded as the parties have stipulated to place the case on hold (including placing a stay on all discovery in the case) while settlement negotiations are pending.

> Should settlement discussions fail, the parties anticipate taking depositions of percipient witnesses (including continuing with the deposition of Defendant Lloyd) and designated expert witnesses, as well as propounding additional written discovery including document requests, admission requests and interrogatories. The parties propose expert discovery to take place subsequent to non-expert discovery, with initial expert disclosures to be followed by rebuttal expert disclosures.

(Doc. 10 at 7) Though the parties indicated that they would continue settlement discussions, there was no intimation that they intended that the case not proceed at that time. Indeed, even if it was their plan, clearly the Court did not agree to that plan because it scheduled the case. In fact, as much as possible, the Court *adopted the deadlines suggested by counsel*. Moreover, in the scheduling order, the Court advised the parties,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Doc. 12. at 7, emphasis in the original.

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding diligent efforts to comply, because of the development of matters *which could not have been reasonably foreseen or anticipated* at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608.

1     Here, counsel make clear that at the time of the scheduling conference, they had no
2 intention of complying with they scheduling order because they decided to focus their efforts on
3 settlement discussions.  However, the Court is at a loss to understand why, when settlement
4 discussions began around July 28, 2011, and settlement was not achieved month after month
5 after month, they could possibly continue to believe that settlement could be achieved at that
6 time.

7     Moreover, on November 29, 2011, when the parties sought to continue the settlement
8 conference scheduled with the Court on December 6, 2011, they reported that continuing the
9 conference "will not affect any other deadlines in this case." (Doc. 16 at 2)  Thus, though they
10 reported that they were not making discovery efforts at that time, they *assured* the Court that the
11 matter was on track.

12     Settlement discussions were clearly foreseen at the time of the scheduling conference and,
13 in fact, were ongoing.  Likewise, rather than demonstrating that the parties were acting diligently
14 to meet the deadlines set forth in the scheduling order, they have done exactly the opposite.
15 Thus, exactly how counsel believes they have demonstrated good cause to amend the scheduling
16 order now is a mystery.

17     For whatever reason, counsel believed--despite clear legal authority to the contrary--that
18 they had the authority to stay the action.  However, it is the Court alone who holds this power.
19 <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936). Therefore, because good cause has not
20 been shown the Court will not amend the scheduling order as requested.  However, based only
21 upon the fact that the counsels' error has placed this case in a posture where sufficient discovery
22 will not be completed and this will place an untenable burden on the Court when it proceeds to
23 trial, the Court **GRANTS IN PART** the stipulation to amend the scheduling order

### ORDER

25     Based upon the foregoing, the Court **ORDERS**:
26     1.    The scheduling order is amended to reflect that non expert discovery SHALL be
27     completed no later than June 1, 2012;
28 ///

2. No other deadlines are amended by this order.

IT IS SO ORDERED.

Dated:  **February 16, 2012**                                **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE