UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PETROLEUM, LLC d/b/a EASTERN SIERRA OIL,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH LLOYD, an individual, and E.S. OIL, LLC, a California limited liability company,<br><br>Defendants. | 1:11-CV-000902-LJO-JLT<br><br>ORDER RE MOTIONS IN LIMINE (DOCS 65-67) AND VACATING HEARING. |

Before the Court for decision are four motions *in limine* filed by Plaintiff, Thomas Petroleum, LLC, ("Thomas") Doc. 67, and two filed by Defendants, Kenneth Lloyd ("Lloyd") and E.S. Oil, LLC, Docs. 65-66. Having carefully reviewed the motions and oppositions and all related attachments and exhibits, it appears that the issues are clearly presented and that there is no need for oral argument. Therefore, pursuant to Local Rule 230(g), the hearing on these motions, currently set for November 19, 2012 at 1:30 pm is VACATED and the following order is entered:

Defendants' first motion *in limine* seeks to exclude percipient witness Steven Moore from offering expert opinions concerning the valuation of Thomas' Bishop business. As the parties have represented to the Court that they have reached an agreement on this issue, this motion is DENIED AS MOOT.

1

Defendants' second motion *in limine* seeks to exclude cumulative evidence from Michael Hoodman, Jamie James, and James McDade[1] related to the meeting at the Whiskey Creek Restaurant. Because this meeting is a key event in the case, and because Plaintiff maintains the testimony of each of these witnesses will be both unique and brief (no longer than 20 minutes each), this motion is DENIED WITHOUT PREJUDICE.

Plaintiff's first motion *in limine* seeks two rulings:

> (a) Plaintiff seeks to preclude mitigation as a defense in this case on the ground that equity should bar application of the mitigation doctrine under the circumstances, namely, that a company should not be required to do business with the very entity that wrongfully took its customers. However, Plaintiff does not offer any examples of factually similar cases where mitigation was precluded as a matter of law. In the absence of caselaw suggesting the mitigation requirement should not apply under the circumstances, this is a matter of fact to be determined by the jury.
>
> (b) Plaintiff also seeks to exclude opinion evidence offered by Mr. Henry J. Kahrs regarding the business reasonability of Thomas' conduct in relation to mitigation. This motion is GRANTED. Any such testimony falls outside the scope of Mr. Kahrs' expert designation, which disclosed that he would testify "as to the economic losses claimed and sustained by the plaintiff and economic profits plaintiff claims defendant has realized and has actually realized."

Plaintiff's second motion *in limine* seeks to preclude as irrelevant the introduction of any evidence regarding abandonment of its trademark in April 2011. This motion is GRANTED. The only trademark infringement at issue in this case occurred in March 2011. Even assuming Thomas did abandon its trademark in April 2011 and that this evidences an earlier "plan" to abandon the mark,

---

[1] The motion in limine also addressed the possible testimony of Wendy Anderson about this meeting. Ms. Anderson was Lloyd's girlfriend at the time. Plaintiff appears to have abandoned any plan to call her as a fourth witness to the meeting.

2

neither the abandonment nor the earlier plan are relevant to whether Lloyd's March 2011 use of the mark was willful.

Plaintiff's third motion *in limine* seeks to preclude Defendants from playing an audio recording Lloyd made of conversations he had with Steve Moore. This motion is DENIED. The evidence depicts a critical event in this case and provides information that cannot otherwise be established by witness testimony alone. Thomas offers no other basis for its exclusion. Defendants are instructed to take steps to ensure that the audio recording is presented as efficiently as possible.

Plaintiff's fourth motion *in limine* seeks to exclude evidence relating to Thomas' alleged comingling of funds over which the Bishop Paiute Tribe claims an interest. This motion is DENIED. This evidence is relevant to the Paiute Tribes' willingness to contract with Thomas. The court will consider giving a cautionary instruction to address any inflammatory aspects of this evidence.

SO ORDERED
Dated: November 16, 2012

                                    /s/ Lawrence J. O'Neill
                                  United States District Judge